TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
DEVON L. FLANAGAN, Senior Trial Attorney
ANGELA MO, Trial Attorney
KAMELA A. CASCHETTE, Trial Attorney
CHRISTIAN CARRARA, Trial Attorney
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Tel: (202) 305-0201 (Flanagan); (202) 514-1707 (Mo);
    (202) 305-0340 (Caschette); (202) 305-0217 (Carrara)
Email: Devon.Flanagan@usdoj.gov; Angela.Mo@usdoj.gov
        Kamela.Caschette@usdoj.gov; Christian.Carrara@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. VERNON D. MILLER, individually and d/b/a Dutch Creek Farm Animal Park, *Defendant*. | No. 1:24-cv-00448 |

## UNITED STATES' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, United States of America, respectfully moves this Court for a temporary restraining order and preliminary injunction[1] against Defendant Vernon D. Miller, individually and doing business as Dutch Creek Farm Animal Park, under Federal Rule of Civil Procedure 65(a) and (b), and Sections 2146(c) and 2159 of the Animal Welfare Act ("AWA"). 7 U.S.C. §§

---

[1] If the Court puts in place a preliminary injunction by October 30, 2024, a separate temporary restraining order would be unnecessary.

2146(c), 2159(a). As set forth in the accompanying Memorandum of Authorities in Support of this Motion, Miller is placing the health of animals at his zoo and dog breeding facility in serious danger and violating the AWA and its regulations and standards. 7 U.S.C. §§ 2159(a), 2146(c); 9 C.F.R. §§ 1.1-3.168. Miller has accrued an astonishing 90 citations for violating the AWA and its regulations and standards since September 2023. Within the last month, the United States Department of Agriculture ("USDA") Animal and Plant Health Inspection Service ("APHIS") cited Miller for six violations of the AWA and its regulations and standards, including a critical violation involving the deaths of seven animals in the previous three months. As a result, APHIS suspended Miller's license for 21 days. The United States requests a temporary restraining order or preliminary injunction be put in place before the license suspension expires on October 30, 2024, to prevent animals from being sold or killed without oversight and to ensure that Miller complies with the AWA and provides safe and appropriate care to the animals at his facility while the Court adjudicates the merits.

Counsel for the United States informed Miller of its intent to file this suit on Thursday, October 17, 2024. Counsel for Miller has conferred with the United States, but the parties have not been able to come to an agreement on settling this case or interim relief. The parties will continue to discuss the possibility of settlement, but an injunction is needed immediately to ensure Miller's animals are being properly cared during those discussions.

Miller's ongoing failure to provide adequate veterinary care, safe and sanitary housing, and sufficient clean food and water, among other violations, is placing the health of animals at Dutch Creek Farm Animal Park in Shipshewana, Indiana (the "Facility") in serious danger, and preliminary injunctive relief is both mandated by the AWA, 7 U.S.C. § 2159(a), and necessary to ensure the humane care and treatment of his animals. Moreover, the United States is likely to

2

succeed on the merits of its claims under 7 U.S.C. § 2146(c), which are based upon Miller's numerous violations that have been observed and documented by qualified veterinary medical officers and animal care inspectors from APHIS. Irreparable harm to the animals in Miller's care and the United States' interests is likely absent an injunction, and the balance of the harms and the public interest support entering the requested injunction. Thus, the United States is entitled to both a mandatory injunction under 7 U.S.C. § 2159 and traditional injunctive relief pursuant to 7 U.S.C. § 2146(c).

The United States requests that the Court enjoin Miller from operating his facility in violation of the AWA, its regulations, and standards. 7 U.S.C. §§ 2159(a), 2146(c). The requested relief reflects the AWA requirements that Miller agreed to comply with when he applied for and was granted a USDA license, as well as reporting and recordkeeping requirements necessary to allow the United States to monitor compliance with any Court order and to maintain the status quo and prevent additional harm to Miller's animals during the pendency of this case. The temporary restraining order and preliminary injunction requested by the United States are both stated below.

The United States respectfully requests that the Court issue the following relief starting no later than October 30, 2024, and continuing until this case can be resolved on the merits. This relief can take the form of a 14-day temporary restraining order to be followed by a preliminary injunction prior to its expiration, or simply a preliminary injunction. Specifically, the United States requests that the Court order Miller, individually and doing business as Dutch Creek Farm Animal Park, his agents, servants, employees, and those working in active concert with him, to:

1. Immediately cease from exhibiting, breeding, acquiring (by purchase or transfer), or disposing of (by euthanasia, sale, or transfer) any AWA-regulated animal (hereinafter "animal") at the Facility without the consent of the United States or a court order;

2. Within 7 days of the Court's order, provide counsel for the United States a complete inventory of every animal at the Facility, including every category of information required by the regulations for each dog and puppy, 9 C.F.R. § 2.75(a), and for each exhibited animal, 9 C.F.R. § 2.75(b);

3. Within 7 days of the Court's order, provide counsel for the United States with copies of all records for acquisitions or dispositions that occurred within the last year;

4. If any animals are acquired by birth, purchase, or transfer or disposed of by death, sale, or transfer during the pendency of the case, create and maintain accurate and complete records as required by 9 C.F.R. § 2.75 and provide copies of those records to counsel for the United States within 5 business days of the acquisition or disposition;

5. Comply with 9 C.F.R. § 2.40 by ensuring that all animals present at the Facility are provided with adequate veterinary care, including daily observations to assess their health and well-being and the use of appropriate methods to prevent, control, diagnose, and treat diseases and injuries;

6. Ensure that all dogs at the Facility are provided with adequate veterinary care including the provision of all required vaccinations, sampling and treatment of parasites and pests, annual physical examinations, and preventative care to ensure healthy and unmatted hair coats, properly trimmed nails, and clean and healthy eyes, ears, skin, and teeth, pursuant to 9 C.F.R. § 3.13(a) and, within 7 days of the Court's order, submit medical records to counsel for the United States demonstrating that all dogs at the Facility have received the required vaccinations, including vaccinations for parvovirus and distemper;

7. Maintain complete and legible written veterinary records for any animal assessed or provided treatment and provide copies of those records to undersigned counsel for the United States within 5 business days of the animal's assessment or treatment;

8. If any animal at the Facility dies, have a licensed veterinarian with training or experience in the care of the species at issue:

    a. confirm the death in person within 24 hours of the death and perform a necropsy to determine the cause or potential causes of death as soon as practicable;

    b. if the death may have been caused by disease, illness, parasite, or conditions that may be affecting other animals, examine any animals in the same enclosure or otherwise recently exposed to the deceased animal to evaluate their health and well-being within 7 days of completing the necropsy;

    c. provide the preliminary necropsy results to counsel for the United States within 72 hours of the completion of the examination and a list of any related tests that are pending, the results of which will be provided within 72 hours of receipt;

9. Ensure that all animals are held in facilities or enclosures that are in good repair, provide appropriate shelter, are large enough to meet the regulatory requirements and allow for normal social and postural adjustments, and prevent animal escapes in accordance with 9 C.F.R. §§ 3.52(b), 3.53(a)(1), 3.6(a)(2), 3.78(b) & (c), 3.80(b)(1), 3.125(a), 3.126(d), 3.127(b), (c), & (d), 3.128, 3.153(a) & (b), 3.158(c), and ensure that all animals are housed compatibly in accordance with 9 C.F.R. §§ 3.153(b), 3.160(b);

10. Clean and sanitize all enclosures and shelters within 7 days of this order and thereafter as often as required by the AWA regulations and standards, in accordance with 9 C.F.R. §§ 3.1, 3.11, 3.50, 3.56, 3.75, 3.84, 3.125, 3.131, 3.150, and 3.158, and ensure that all

5

animals are held in facilities or enclosures that are sanitary, have proper drainage, do not contain excess feces or potentially hazardous trash or debris, and do not contain pests or wild animals that can spread disease, in accordance with 9 C.F.R. §§ 3.84(a), 3.127(c); 3.131(a), (c) & (d), and 3.158(a)(1);

11. Ensure that all animals have access to clean, potable water at all times and sufficient quantities of clean, uncontaminated, and palatable food each day, and ensure that all containers used to hold food or water, including tubes used to convey food into an enclosure, are cleaned and sanitized at least every 14 days, in accordance with 9 C.F.R. §§ 2.131(b)(1), 3.1(e), 3.75(e), 3.82(a), 3.84(b), 3.127(c), 3.129(a) & (b), 3.130, 3.150(e), 3.155(b), 3.156.

Proposed Orders for the requested temporary restraining order and preliminary injunction are submitted with this Motion.

DATED: October 23, 2024                    Respectfully submitted,

| | |
|---|---|
| CLIFFORD D. JOHNSON<br>UNITED STATES ATTORNEY | TODD KIM<br>Assistant Attorney General<br>Environment & Natural Resources Division |
| DIRK D. DE LOR<br>Assistant United States Attorney<br>Northern District of Indiana<br>5400 Federal Plaza, Suite 1500<br>Hammond, Indiana 46320<br>Telephone: 219-937-5500<br>Fax: 219-852-2770<br>E-Mail: Dirk.De.Lor@usdoj.gov | */s/ Devon L. Flanagan*<br>DEVON L. FLANAGAN<br>Senior Trial Attorney<br>ANGELA MO<br>Trial Attorney<br>KAMELA A. CASCHETTE<br>Trial Attorney<br>CHRISTIAN CARRARA<br>Trial Attorney<br>Wildlife & Marine Resources Section<br>P.O. Box 7611, Ben Franklin Station<br>Washington, DC 20044-7611 |

devon.flanagan@usdoj.gov
angela.mo@usdoj.gov
kamela.caschette@usdoj.gov
christian.carrara@usdoj.gov
Phone:  (202) 305-0201 (Flanagan)
        (202) 514-1707 (Mo)
        (202) 305-0340 (Caschette)
        (202) 305-0217 (Carrara)
Fax:    (202) 305-0275

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, I served a copy of the foregoing UNITED STATES' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION via U.S. mail on the following parties:

Vernon D. Miller
6255 North 1000 West
Shipshewana, Indiana 46565

*/s/ Devon L. Flanagan*
DEVON L. FLANAGAN